22  117
44  591
22  117
48  660
22  117
68  220

JOHN WILLIAMS v. THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY.

NEGLIGENCE; *Judgment on Demurrer to Evidence.* Where a railroad company is sued by one of its employés for injuries received by him while in the service of the company, and on the trial of the case no negligence is shown to have existed on the part of either the railroad company or any of its employés other than the plaintiff, *held,* that the plaintiff cannot recover, and that the court might rightfully and properly sustain a demurrer, interposed by the defendant to the plaintiff's evidence, and that the court might then rightfully and properly render judgment in favor of the defendant and against the plaintiff for costs.

### *Error from Shawnee District Court.*

ACTION by *Williams* against the *Railroad Company,* to recover damages for personal injuries received by him while in the service of the company. Trial at the January Term, 1878, of the district court, and judgment for defendant.

*Williams* brings the case here. The facts are sufficiently stated in the opinion.

*Hentig & Sperry*, for plaintiff in error, cited § 1, ch. 94, Laws of 1874; *Snow v. Housatonic Rld. Co.*, 90 Mass. 441; *Sayzer v. Taylor*, 76 Mass. 280.

The plaintiff did not join in the demurrer, and no judgment can be rendered upon a demurrer to evidence until there is a joinder in demurrer. This is the common-law rule, and the statute has not changed it. The same reasons for the rule exist now, and it should be rigidly enforced. One party cannot insist upon the other party joining in demurrer, without distinctly admitting upon the record every fact and every conclusion which the evidence given for his adversary conduced to prove. It would be striking at the very foundation of justice to permit one party to take the evidence from the jury upon a demurrer to evidence, without giving his adversary the right to have the facts proved entered of record, that a higher court may protect his rights. (*Fowle v. The Common Council of Alexandria*, 11 Wheat. 320; *U. S. Bank v. Smith*, id. 179; *Columbus Ins. Co. v. Catlett*, 12 Wheat. 389.)

On demurrer to evidence the rule is, that every fact which the jury could legally infer from the evidence is admitted by the demurrer. (*Forbes v. Church*, 3 Johns. Cases, 160; *Lessee of Ross v. Eason*, 4 Yeates, 54; *Smith v. Steinbach*, 2 Caines's Cases in Error, 158, 171; *Lowery v. Mountjoy*, 6 Call, 55; *Snowden v. Phœnix Ins. Co.*, 3 Binney, 457; *Pauling v. U. S.*, 4 Cranch, 219.) See also, 47 Pa. St. 300; 28 Barb. 196; 22 Ill. 271; 20 Barb. 293; 17 Ill. 519.

Counsel argued that the court below, by sustaining the demurrer, has said that the facts proven did not constitute negligence on the part of the railroad company; and to show that it did not come to a correct conclusion, cited: *Oak Bridge Coal Co. v. Reed*, 86 Pa. St. —; 8 Allen (Mass.), 445; 43 Iowa, 106, 406.

*Ross Burns, J. G. Waters,* and *W. C. Campbell,* for defendant in error:

The plaintiff in error claims that there was a question of negligence in this case, which should have been determined by a jury. It is true that negligence is a question of fact, where different minds may arrive at different conclusions from the evidence; but it is the province of the court, when the plaintiff has closed his evidence, and it has no tendency whatever to prove the issue necessary to a recovery, to determine the whole case as a matter of law. (36 Mo. 484; 4 Mo. 137; 5 Kas. 172.) By the demurrer of the defendant, everything which could be reasonably inferred from the evidence by a jury is to be considered as admitted, and the plaintiff was compelled to join in the demurrer. This proposition is too well established to require the citation of authorities. When the facts are not controverted, what constitutes negligence is a question of law, and this court can determine what is shown in the facts as readily as the district court. (*K. P. Rly. Co. v. Butts,* 7 Kas. 308.)

Now, did the court below err in deciding that there was no case for the jury? The evidence introduced by the plaintiff is set forth in the record. Did it warrant the court in sustaining the demurrer of the defendant? It devolves upon the plaintiff to make out affirmatively a *prima facie* case of liability. Has he done this? The testimony of the plaintiff himself shows that he had knowledge of the condition of the track. He had passed over the same place twice on that day; yet he voluntarily assumed the risk (if any there was) a second time. Now the rule has always been, that a servant, when he enters into the employ of another, assumes all the risks ordinarily incident to the business: Wood on Master and Servant, § 326; *Indianapolis, &c., R. R. Co. v. Flanagan,* 77 Ill. 365; *Priestly v. Fowler,* 3 M. & W. 1; 119 Mass. 412; 1 Coldw. (Tenn.) 612.

One who by negligence brings an injury upon himself cannot recover damages for it. Such is the rule of the civil and

common law. "The law does not regard the remote causes of an injury." (*Sawyer v. Sauer*, 10 Kas. 472.)   The fact that an engine was not provided to move the car, if negligence at all, is too remote to enable plaintiff to recover.   Chapter 94 of the laws of 1874, which plaintiff relies on as settling the law of this case, cuts no figure.   It simply created a liability where before there was none.   It has not changed the rules of evidence.   The fact of negligence must be proven, as formerly, to entitle to recovery; and the evidence must show a *prima facie* case of liability, or else a demurrer thereto will be properly sustained.

The opinion of the court was delivered by

VALENTINE, J.: Where a railroad company is sued by one of its employés for injuries received by him while in the service of the company, and on the trial of the case no negligence is shown to have existed on the part of either the railroad company or any of its employés other than the plaintiff, we would think that the plaintiff could not recover, and that the court might rightfully and properly sustain a demurrer interposed by the defendant to the plaintiff's evidence, and that the court might then rightfully and properly render judgment in favor of defendant and against the plaintiff for costs; and if we are right in this, the judgment of the court below must be affirmed.   The facts of the case are substantially as follows:

On July 9, 1877, the plaintiff was employed by the defendant (the Atchison, Topeka & Santa Fé Railroad Company) as a common laborer in loading stones upon flat cars and in pushing these cars by hand upon a side-track of the defendant's railroad.   In the performance of this labor, it was necessary to pass over an embankment about fifteen or twenty feet high, and across a bridge twenty or twenty-five feet high. A recent rain had caused the ground to be slippery, and had washed out a small place in the side of the embankment next to the bridge, about three or four feet in width.   The plaintiff, together with about fourteen or fifteen co-laborers, had

pushed one car over this place and upon the side-track in safety, and were taking the second one over when the plaintiff slipped and fell, and the car wheels of the hind truck passed over his left hand, severing part of the hand and three fingers, leaving only his thumb and fore-finger. The plaintiff slipped at the place where the embankment was washed out, and to save himself from falling placed his hand where the car wheels passed over it as aforesaid. The first car was taken over the embankment and across the bridge in the same manner that the second car was. The plaintiff testified on the trial concerning this, as follows: "I was hurt pushing over the second car; had helped to push another car over prior to getting hurt. I occupied substantially the same position in pushing the first car that I did on the second one. I saw both the bridge, track, embankment and stream, going over with the first car, and also saw them again on my return for the second car. It was in the daytime; the sun was shining." Previously to this time such cars had been drawn by engines. There was no evidence tending to show that any employé of the railroad company, other than the plaintiff, was negligent. The plaintiff's action was brought to recover for said injury to his hand.

On the trial he proved the foregoing facts. The court then sustained a demurrer to the evidence, and rendered judgment against the plaintiff and in favor of the defendant for costs; and such judgment must be affirmed.

All the Justices concurring.